**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4468**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

SAMUEL LEE MURCHISON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:19-cr-00138-HEH-1)

Submitted: August 2, 2021                      Decided: August 11, 2021

Before AGEE, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William J. Dinkin, WILLIAM J. DINKIN, PLC, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Stephen E. Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Lee Murchison entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Murchison reserved the right to appeal the district court's denial of his motion to suppress a firearm found by Officers Patricia Bruington and Patrick Digirolamo during a patdown, and a bag of cocaine found shortly thereafter in a search incident to arrest. On appeal, Murchison contends only that the district court committed clear error when it found that the officers performed a proper patdown of Murchison's outer clothing before reaching into Murchison's pocket and removing the firearm. We affirm.

"When reviewing a district court's ruling on a motion to suppress, [we] review[] conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir.), *cert. denied*, 141 S. Ct. 310 (2020) (alterations and internal quotation marks omitted). "If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id.* (alterations and internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (alteration and internal quotation marks omitted). Reversal is not warranted unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted).

2

"To justify a patdown of the driver or a passenger during a traffic stop . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009); *United States v. Robinson*, 846 F.3d 694, 696 (4th Cir. 2017) (en banc) ("[A]n officer who makes a lawful traffic stop and who has a reasonable suspicion that one of the automobile's occupants is armed may frisk that individual for the officer's protection and the safety of everyone on the scene.").

Here, the district court found that the officers' dash cam footage did not clearly show whether Digirolamo performed a lawful patdown. Consequently, the district court relied on the two officers' testimony and ultimately found that Digirolamo conducted a proper patdown of Murchison's outer clothing before retrieving the firearm from Murchison's pocket. Having reviewed the record, we cannot say that the district court clearly erred in this determination. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*